# Exhibit E

# Galen Insurance Company

## Declaration Page

1. **Policyholder's Name:** Vittorio Guerriero, MD

2. **Policyholder's Designated Contact Person:** Keane Insurance Group, Inc. 314-966-7733

   **Notice Address:** 2200 State Street   Lawrenceville, IL 62439

3. **Policy Number:** IL-1537

4. **Policy Period:** From 12:01 a.m. 12/16/2014 (Effective Date) to 12:01 a.m. 12/16/2015 (Expiration Date). Time as in effect in St. Louis, Missouri.

5. **Schedule of Named Insureds.** The following are the Named Insureds under this policy, with the following respective Per-Claim Limits of Liability, and Annual Aggregate Limits of Liability:

| Insured | Retro Date | Limits of Liability | | Specialty | Deductible | Premium |
| | | Per Claim | Annual Aggregate | | | |
|---|---|---|---|---|---|---|
| Guerriero, Vittorio MD | 12/16/2011 | $1,000,000 | $3,000,000 | General Surgery NOC | $0 | $47,575 |

$100,000 Cyber Coverage included. Coverage is for work performed in Lawrence County. No entity covered.

Endorsements:        1. Part-Time Practice Limitation.
                     2. Cyber.


Date Issued:         12/16/2014



Authorized Representative: _Jack a. Ange, CPCU, RPLU_

Galen Insurance Company                 Telephone: (314) 721-2366
231 S. Bemiston Ave., Ste. 1000         Facsimile: (314) 721-2377
Clayton, MO 63105                       www.galeninsurance.com


NOTICE:
The coverage of this policy is limited to liability for claims that are first made against the Insured while policy is in force. Please review the policy carefully and discuss this with your advisor.

GALEN INSURANCE COMPANY

Policyholder: Vittorio Guerriero, MD

Policy Number: IL-1537

Endorsement Effective Date: 12/16/2014                                    Endorsement Number: 1

THIS ENDORSEMENT CHANGES THE GALEN INSURANCE COMPANY PROFESSIONAL LIABILITY POLICY.
PLEASE READ IT CAREFULLY.

# PART-TIME PRACTICE LIMITATION ENDORSEMENT

The practice of the Named Insured identified below is changed to part-time practice. During the Policy Period, the Named Insured must notify the Company immediately, in writing, if the practice of the Named Insured increases to more than 1,249 hours this policy period. The Company will then be entitled to an additional premium charge effective as of the date the change occurred. The Company has the right to audit the offices and records of the Policyholder, such Named Insured and other relevant persons to determine and verify the number of hours worked.

Named Insured:

Vittorio Guerriero, MD

All capitalized terms, not otherwise defined in this Endorsement, have the meanings given such terms in the policy. On the Endorsement Effective Date, this Endorsement when signed by the Company, becomes a part of the above-numbered policy and supersedes any conflicting or inconsistent provisions in the policy. All other terms, conditions, exclusions and endorsements of the policy remain the same and apply.

Galen Insurance Company - Authorized Representative: _Jack a. Inge, CPCU, RPLU_

ILL-END-PT-LIMIT



**7733 Forsyth Blvd., Suite 2000**
**St. Louis, MO 63105**
**Telephone: (314) 721-2366**
**Facsimile: (314) 721-2377**

# ILLINOIS
# PROFESSIONAL LIABILITY POLICY

# CLAIMS MADE COVERAGE

**GALEN INSURANCE COMPANY**
(a Missouri stock insurance company)

**NOTICE**

**PLEASE REVIEW THIS POLICY CAREFULLY**

THE COVERAGE OF THIS POLICY IS LIMITED TO LIABILITY FOR THOSE CLAIMS THAT:

A.  ARISE FROM INCIDENTS OR EVENTS THAT HAPPEN WHILE COVERAGE UNDER THIS POLICY IS IN FORCE AND THAT INVOLVE YOUR PROFESSIONAL SERVICES; AND

B.  ARE FIRST MADE AGAINST YOU AND ARE REPORTED TO THE COMPANY DURING THE POLICY PERIOD, INCLUDING ANY EXTENDED REPORTING PERIOD, OR DURING ANY OPTIONAL EXTENDED REPORTING PERIOD PROVIDED THROUGH AN ENDORSEMENT.

PLEASE REVIEW THIS POLICY CAREFULLY AND DISCUSS THE COVERAGE WITH YOUR LEGAL AND INSURANCE ADVISORS.

Illinois policyholders may address any complaints concerning this policy to

Galen Insurance Company,
7733 Forsyth Blvd., Suite 2000
St. Louis, MO 63105

or to the

Illinois Division of Insurance,
Consumer Division or Public Services Section,
Springfield, Illinois 62767.

Page 1                                     Ill. Form 2020

### TABLE OF CONTENTS

SECTION 1.    DEFINITIONS ........................................................................3

SECTION 2.    INSURING AGREEMENT ...................................................5

   I.    COVERAGE ..........................................................................5

   II.    LIMITS OF LIABILITY AND DEDUCTIBLES ...................6

        A.   Per-Claim Limit of Liability ................................................6

        B.   Annual Aggregate Limit of Liability....................................7

        C.   Applicable Limits of Liability ..............................................7

        D.   Deductibles .........................................................................8

        E.   Supplementary Payments ....................................................8

   III.    POLICY TERRITORY ..........................................................8

   IV.    EXCLUSIONS .....................................................................9

   V.    CONDITIONS.....................................................................11

        A.   Assignment........................................................................11

        B.   Bankruptcy or Insolvency of Insured .................................11

        C.   Cancellation, Non-Renewal, Renewal Rate Increase ...............11

        D.   Changes ............................................................................12

        E.   Declarations and Applications............................................12

        F.   Duties of the Policyholder.................................................13

        G.   Duties of the Insured in the Event of a Claim, or Medical Incident.........13

        H.   Extended and Optional Reporting Period............................14

        I.   Inspection and Audit .........................................................15

        J.   Legal Action Against the Company ....................................15

        K.   Venue and Governing Law.................................................15

        L.   Liberalization Clause .........................................................16

        M.   Other Insurance ................................................................16

        N.   Premium ...........................................................................16

        O.   Reimbursement..................................................................16

        P.   Acquisition .......................................................................16

        Q.   Statute Conformity ...........................................................16

        R.   Subrogation ......................................................................16

        S.   Evidence of Insurance .......................................................16

        T.   Arbitration ........................................................................17

        U.   Illinois Insurance Guaranty Fund ......................................17

           Ill. Form 2020

**Professional Liability Policy**
**Claims Made Coverage**

This policy of professional liability insurance and its attachments, including the Declaration Page and Endorsements, (collectively, this "policy") is issued by Galen Insurance Company ("Company"). The insurance provided by this policy is subject to the limits of liability and other terms set forth in this policy and the attachments hereto.

SECTION 1.    DEFINITIONS

As used in this policy, the following terms or phrases in quotation marks have the meanings set forth below. The definitions of these terms and phrases include the singular or plural number, or a different verb tense, or the masculine, feminine, or neuter gender, whenever the defined term or phrase is used in this policy.

A.    "Annual Aggregate Limit of Liability" is defined in Section 2.II.B of this policy and the amount of such limit is set forth on the Declaration Page or the applicable Endorsement.

B.    "Bodily Injury" is an injury to the body, sickness, disease, disability, or death to an individual.

C.    "Claim" is any demand, cross-claim, lawsuit, or notice of an arbitration proceeding or the convening of a screening panel, which is first made known to an Insured and first reported to the Company during the Policy Period or, if applicable, the Extended Reporting Period or Optional Extended Reporting Period, which asserts a demand for money (or reduction of an Insured's bill) and which alleges Bodily Injury to a patient based upon or arising from a covered Medical Incident.

D.    "Claim Expenses" are all legal and investigative fees, costs, and expenses incurred by the Company in defense or investigation of a Claim. Costs internal to the Company, including the salaries of regular, legal, or supervisory personnel of the Company, are not included in Claim Expenses.

E.    "Damages" are monetary judgments, settlements, or awards. Damages do not include fines, penalties, government payments or taxes, punitive or exemplary damages, restitution, return of fees or consideration to an Insured, the portion of any award or judgment caused by multiplication of actual Damages pursuant to federal or state law or the cost of complying with any injunctive, declaratory, or administrative relief.

F.    "Declaration Page" is the document, which is attached to this policy and incorporated herein by this reference, that identifies, as of the Effective Date, the Policyholder, the Named Insureds, Policy Period, Per-Claim Limits of Liability, Annual Aggregate Limits of Liability and certain other pertinent information relating to this policy.

G.    "Effective Date" is the date on which this policy takes effect. The Effective Date of this policy is stated on the Declaration Page.

H.    "Endorsement" is a document that attaches to this policy and modifies one or more provisions of this policy. The terms of an Endorsement supersede any conflicting or inconsistent provisions of this policy.

I.    "Endorsement Effective Date" is the date identified on the Endorsement itself as the effective date, and is the first day on which terms of the Endorsement apply to this policy. An Endorsement takes effect at 12:01 a.m. on the Endorsement Effective Date and, unless it provides otherwise or is superseded, expires when this policy ends. If a provision is deleted from this policy by an Endorsement, then the terms of such a provision will still govern Your coverage at the time a Claim is first reported to the Company if the provision was in effect at the time You rendered or failed to render the Professional Services from which such Claim arose.

J.    "Expiration Date" is the date on which this policy expires. The Expiration Date is stated on the Declaration Page or in an Endorsement.

K.    "Extended Reporting Period" is the additional time allowed to You by the Company for reporting Claims that arise from incidents or events that happen subsequent to the Retroactive Date but are reported after the Expiration Date of this policy.

L.    "Insured" is any Named Insured or Insured Employee afforded coverage under this policy.

Ill. Form 2020

M.  "Insured Employee" is a person who is not a Named Insured but who is employed by a Named Insured. Such a person is only an "Insured Employee" while such person is acting within the scope of his or her employment by the Named Insured.

N.  "Insured Entity" is any entity identified by name as such on the Declaration Page or in an Endorsement.

O.  "Insured Physician" is a person licensed in Illinois as a physician and who is identified as such by name on the Declaration Page or in an Endorsement.

P.  "Insured Professional" is any person identified by name as such on the Declaration Page or in an Endorsement, other than an Insured Physician. The term Insured Professional includes, but is not limited to, a licensed, registered, or certified health care professional (such as an advanced practice nurse, physician assistant, certified nurse midwife, paramedic, or certified registered nurse anesthetist), other than an Insured Physician.

Q.  "Limits of Liability" are the Per-Claim Limit of Liability and the Annual Aggregate Limit of Liability.

R.  "Locum Tenens" is a physician temporarily serving as a relief or substitute physician for an Insured Physician and who is employed by a Named Insured. In order for coverage under this policy to include Claims involving Professional Services of a Locum Tenens, an Endorsement adding the Locum Tenens to this policy must be issued by the Company.

S.  "Medical Emergency" exists when a person or persons are in imminent and serious medical peril as a result of a sudden and unexpected happening which requires immediate medical care.

T.  "Medical Incident" is any act, error, or omission in the rendering of or failure to render Professional Services by a Named Insured, an Insured Employee, or any person for whom a Named Insured is legally responsible. For purposes of determining the date of occurrence of a Medical Incident, all Bodily Injury or Damages arising out of any series of treatments, or series of exposures or interrelated events subject to the same general conditions, will be deemed as occurring at the time of the occurrence of the first of such series of treatments, events, or exposures to the same general conditions.

U.  "Named Insured" is any Insured Entity, Insured Physician, or Insured Professional.

V.  "Optional Extended Reporting Period" is defined in Section V.H.2 of this policy and the optional period, if any, is set forth on the Declaration Page or the applicable Endorsement.

W.  "Peer Review" is the service by an Insured Physician or Insured Professional as a member of a formal accreditation, standards review, professional review board, or committee of an Insured Entity that evaluates individuals or entities for purposes of selecting, employing, contracting with, or credentialing current or prospective providers of any services described in the subdivisions (i) through (iii) of the definition of Professional Services.

X.  "Per-Claim Limit of Liability" is defined in Section 2.II.A of this policy and the amount of such limit is set forth on the Declaration Page or the applicable Endorsement.

Y.  "Policyholder" is an Insured Entity or Insured Physician identified by name as such on the Declaration Page or in an Endorsement.

Z.  "Policy Period" is the period of time during which insurance coverage is provided to You under this policy. The Policy Period commences at 12:01 a.m. on the Effective Date. It continues until 12:01 a.m. on the Expiration Date. Coverage may be cancelled or otherwise terminated before the end of the Policy Period. The Policy Period of a Named Insured added to this policy subsequent to the Effective Date may be for a term of less than one (1) year and will expire concurrently with the Policy Period set forth on the Declaration Page. Any Named Insured the Policyholder wishes to add to this policy may be required to agree, in writing, that the term of this policy may be less than one year.

AA.  "Policy Year" is the period of time (i) commencing with the Effective Date; and (ii) ending at 12:01 a.m. on the Expiration Date. All Named Insureds endorsed onto this policy are subject to the Policy Year for purposes of this policy.

BB.  "Professional Services" is (i) the rendering of or failure to render medical diagnosis, medical or surgical treatment, or medical opinion or advice to a patient; (ii) the providing of counseling or other social services in connection with such care; (iii) the handling of, or the performance of post-mortem examinations on, human bodies; or (iv) the conduct of Peer

Ill. Form 2020

Review by an Insured Physician or Insured Professional. No coverage is provided under this policy for services that are not authorized by an Insured's medical license or certification. No coverage is provided under this policy for any services that are not Professional Services.

CC. "Retire" is to completely withdraw from the practice of medicine for remuneration.

DD. "Retroactive Date" is the earliest date on which acts, omissions, events, or incidents may have occurred that may be covered under this policy. The Retroactive Date is stated on the Declaration Page or in an Endorsement. Unless the Declaration Page or in an Endorsement states otherwise, the Retroactive Date will be the date on which the Policyholder's current, continuous coverage first became effective with the Company on a claims made basis.

EE. "Totally and Permanently Disabled" is the disability of a Named Insured as a result of injury or disease so as to be wholly prevented from performing work or engaging in the practice of medicine for remuneration or profit. Such condition must have existed continuously for not less than six months and must be expected to be continuous and permanent.

FF. "You" or "Your" means any Named Insured afforded coverage under this policy.

## SECTION 2. INSURING AGREEMENT

In consideration of the payment of the premium specified on the Declaration Page, and in reliance upon the truth and completeness of the information supplied in Your application for insurance and any renewal applications or supplemental information You have supplied, and any other documents You submit for purposes of obtaining, retaining, or modifying this insurance, all of which are hereby made a part of this policy, the Company hereby agrees to defend You and pay Claim Expenses and Damages on Your behalf subject to the Limits of Liability, exclusions, limitations, conditions, and all other terms of this policy. Claim Expenses incurred by the Company will be paid in addition to the applicable Limits of Liability.

1. COVERAGE

The Company will pay on Your behalf all sums which You are legally obligated to pay as Damages for Claims. The Company's obligations under this policy only apply to Claims first made against You and reported to the Company during the Policy Period or, if applicable, the Extended Reporting Period or Optional Extended Reporting Period. This insurance only applies to Medical Incidents arising out of Professional Services rendered (or not rendered) by You, or by any person for whose acts You are legally responsible, or Peer Review services rendered by You. The Company's obligations under this policy are subject to the Per-Claim Limit of Liability, Annual Aggregate Limit of Liability, exclusions, limitations, conditions, and all other terms of this policy, and provided always that such Medical Incident happens:

A. on or after the Effective Date or Endorsement Effective Date but during the Policy Period; or

B. at any time prior to the Effective Date or Endorsement Effective Date, if:

1. such Medical Incident happens on or subsequent to the applicable Retroactive Date; and

2. You did not know or could not have reasonably foreseen that such Medical Incident might be expected to be the basis of a Claim on the Effective Date of this policy or the first claims made policy issued by the Company to which this policy is a renewal, whichever is earlier; and

3. there is no prior policy or policies which provide insurance (including any automatic or optional extended reporting period or similar provision of such policies) for such Claim; and

4. You have coverage from the Company for prior acts between the Retroactive Date and the Effective Date of this policy, as provided on the Declaration Page or in an Endorsement.

The Company has the right and duty to defend any Claim against You seeking Damages which, if awarded, would be covered by this policy. The Company's obligation to defend is subject to the Per-Claim Limit of Liability, the Annual Aggregate Limit of Liability, the exclusions, limitations, conditions, Declaration Page, Endorsements, and all other terms of this policy. When the Company determines defense counsel is necessary for any Claim covered hereunder, the Company will select and assign the defense counsel; however, You may engage additional counsel, solely at Your expense, to associate in the defense of any Claim covered hereunder.

III. Form 2020

The Company will defend You even if the Claim is groundless, false, or fraudulent unless and until the Per-Claim Limit of Liability or the Annual Aggregate Limit of Liability is exhausted by payment of Damages. The Company will not be obligated to pay any Claim Expenses, Damages, or judgment or to defend any Claim after the Per-Claim Limit of Liability or the Annual Aggregate Limit of Liability have been exhausted by payment of Damages or by tender or offer of such payment which exhausts the applicable Limits of Liability of the Company, and in such a case, the Company will have the right to withdraw from the further defense thereof by tendering control of such defense to the Insured. In addition, the Company has no duty to defend or continue the defense of any Claim or pay defense costs after it becomes reasonably apparent to the Company that a Claim arises out of any dishonest, fraudulent, criminal, or malicious act or omission, or misrepresentation by, at the direction of, or with the knowledge or consent of any Insured. The Company is not obligated to take an appeal from any judgment against an Insured.

The Company has the right to investigate any Claim and negotiate the settlement thereof, as it deems expedient but the Company will not commit You to any settlement without Your consent, which consent may not be unreasonably withheld or delayed. The Company has the right to initiate mediation and binding arbitration proceedings in an effort to resolve the Claim, after obtaining Your prior consent. Notwithstanding the foregoing, Your consent is not required and the Company may settle, mediate, or arbitrate any Claim as it deems advisable under any of the following circumstances:

1.   You are deceased;

2.   You are adjudicated incompetent;

3.   a judgment or verdict on a Claim has been rendered against You;

4.   Your license to practice medicine is suspended or revoked;

5.   a Claim is reported under Your Optional Extended Reporting Period endorsement;

6.   You unreasonably withhold or delay Your consent to the settlement; or

7.   You cannot be located after the Company has exercised reasonable diligence in attempting to locate You.

An Insured must not admit liability, assume any obligations, incur any covered costs, charges, or expenses or enter into any settlement without the Company's consent. It is a condition precedent to any coverage under this policy that any change in the medical practice of an Insured must be approved by the Company and an Endorsement issued with respect thereto, and that there must be complete compliance with all of the provisions of this policy.

II.   LIMITS OF LIABILITY AND DEDUCTIBLES

Two Limits of Liability apply to the amount the Company will pay on Your behalf under this policy: (A) the Per-Claim Limit of Liability and (B) the Annual Aggregate Limit of Liability. The Per-Claim Limit of Liability is subject to the Annual Aggregate Limit of Liability. Once the Annual Aggregate Limit of Liability is exhausted for any one Policy Year, then the Per-Claim Limit of Liability does not apply.

A.   Per-Claim Limit of Liability

With respect to each Named Insured, the Per-Claim Limit of Liability stated on the Declaration Page or the applicable Endorsement, is the maximum amount of the Company's liability to or for such Named Insured resulting from any Claim. Subject to the Annual Aggregate Limit of Liability, the Per-Claim Limit of Liability stated on the Declaration Page or the applicable Endorsement for "each Claim" is the total limit of the Company's liability for any Damages arising out of any Medical Incident. For the purpose of determining the Company's Per-Claim Limit of Liability, regardless of the number of Insureds under this policy, the number of Claims made, the nature or number of causes of action alleged, and regardless of the number of claimants, the following provisions apply:

1.   two or more causes of action arising from the same act or omission to act, or the same series of acts or omissions to act in rendering or failing to render Professional Services to one person will be considered to be a single Claim;

2.   two or more causes of action resulting from the same act or omission to act, or from the same series of acts or omissions to act in rendering or failing to render Professional Services to a woman and her

unborn child or children during the course of pregnancy (including pre-natal care, delivery, and post-natal care), will be considered to be a single Claim; and

3.     all legal liability resulting from substantially the same general conditions or Medical Incident will be considered as arising from one act of rendering or failing to render Professional Services regardless of the treatment period and will be considered to be a single Claim.

B.     Annual Aggregate Limit of Liability

With respect to each Named Insured, the Annual Aggregate Limit of Liability stated on the Declaration Page or the applicable Endorsement, is the maximum amount of the Company's liability to or for such Named Insured resulting from all Claims that are first reported to the Company during the Policy Period.

C.     Applicable Limits of Liability

1.     Insured Physician. Unless otherwise stated on the Declaration Page or in an Endorsement, an Insured Physician has his or her own Per-Claim Limit of Liability and Annual Aggregate Limit of Liability as stated on the Declaration Page or the Endorsement. The Limits of Liability stated on the Declaration Page or the applicable Endorsement as applicable to a particular Insured Physician will apply to all Claims (and the associated Damages) made or brought against such Insured Physician, except that, if this policy provides coverage for an Insured Entity and the Claims arise out of the provision of or failure to provide Professional Services by any person, other than such Insured Physician or an Insured Professional, for whose acts or omissions such Insured Physician may be held liable as a member, partner, officer, director, or shareholder of that Insured Entity, such Claims (and the associated Damages) will be charged against and limited by the Limits of Liability of that Insured Entity; if this policy does not provide coverage for such Insured Entity, such Claims will be charged against and limited by the Limits of Liability of that Insured Physician.

2.     Insured Professional. Unless otherwise stated on the Declaration Page or in an Endorsement, an Insured Professional has his or her own Per-Claim Limit of Liability and Annual Aggregate Limit of Liability as stated on the Declaration Page or the Endorsement. The Limits of Liability stated on the Declaration Page or the applicable Endorsement as applicable to a particular Insured Professional will apply to all Claims made or brought against such Insured Professional and to the associated Damages.

3.     Insured Entity. Unless otherwise stated on the Declaration Page or in an Endorsement, an Insured Entity (if any) has its own Per-Claim Limit of Liability and Annual Aggregate Limit of Liability as stated on the Declaration Page or the Endorsement. The Limits of Liability stated on the Declaration Page or the applicable Endorsement as applicable to a particular Insured Entity (if any) will apply to all Claims (and the associated Damages) made or brought against (i) such Insured Entity; (ii) any Insured Employee; and (iii) any Insured Physician, provided such liability arises out of the provision of or failure to provide Professional Services by any person, other than the Insured Physician, for whose acts or omissions such Insured Physician is liable solely by reason of his or her status as a member, partner, officer, director, or shareholder of such Insured Entity.

4.     Insured Employee. Regardless of the number of employees insured as Insured Employees, an Insured Employee does not have a separate Per-Claim Limit of Liability or a separate Annual Aggregate Limit of Liability. Claims involving, or made or brought against, an Insured Employee (and the associated Damages) are charged against and limited by the Per-Claim Limit of Liability and Annual Aggregate Limit of Liability of his or her employer's coverage under this policy as specified on the Declaration Page or in an Endorsement.

5.     Shared Limits. With respect to all Named Insureds identified as being covered on an "Included" or "Shared" basis as set forth on the Declaration Page or the applicable Endorsement, all Claims made or brought against such Named Insureds, and the associated Damages, will be charged against and limited by the same Per-Claim Limit of Liability and the Annual Aggregate Limit of Liability. As provided in the preceding sentence, Claims brought or made against an Insured Entity, Insured Physician, or Insured Professional, and the associated Damages, will also reduce the Limits of Liability of an Insured Entity covered on an "Included" or "Shared" basis under this policy.

6. **Allocation.** The Company has the right to allocate Damages among claimants, Insureds, and policies as the Company, having reference to the facts related to a Claim, deems appropriate.

D. Deductibles

If a "Deductible" is shown for any Insured on the Declaration Page or in an Endorsement, such Insured will be liable for, with respect to each Medical Incident reported, an amount equal to the Deductible shown on the Declaration Page or in an Endorsement, although the total limits of liability under this policy are not reduced. In the event Company pays on behalf of the Insured all or part of the "Deductible" as Claim Expenses or Damages, such Insured must reimburse the Company for the amount of any such payment. If any Insured fails to make such reimbursement within thirty (30) days after written demand, the Policyholder will pay the Company the amount due. Each Insured and Policyholder must pay all costs incurred by the Company, including attorneys' fees and court costs, in collecting any such reimbursement.

E. Supplementary Payments

You have the following benefits under Your policy:

1. Your Expenses

As part of Your Claim Expenses, the Company will pay each Insured Physician and Insured Professional up to $500.00 per day or $250.00 per half day for loss of earnings because of such Insured's attendance, at the Company's request, at a trial, pre-litigation panel, hearing, mediation, or arbitration proceeding involving a civil suit against such Insured for covered Damages, but the amount payable to You for any one or series of trial, pre-litigation panel, hearing, mediation, or arbitration proceedings arising out of the same or a related Medical Incident covered by this policy will in no event exceed $12,500.00.

2. Interest on Judgments

As part of Your Claim Expenses, the Company will pay the interest You are legally obligated to pay on any judgment against You and any interest accrued after an offer for settlement has been made for a Claim. However, it will pay interest only on the portion of the judgment the Company pays and to the extent such interest payment does not exceed Your Per-Claim Limit of Liability and Annual Aggregate Limit of Liability. The limitation contained in the preceding sentence on the Company's obligation to pay interest will only apply if the Company has fulfilled its duties and obligations under this policy to defend the Named Insured.

3. Bonds

As part of Your Claim Expenses, the Company will pay premiums for any bonds that are required in a Claim the Company defends. Such bonds include appeal bonds and bonds to release property that is being used to secure Your legal obligation. However, the Company will pay only for bond premiums to the extent they do not exceed the Company's Per-Claim Limit of Liability and Annual Aggregate Limit of Liability. The Company has no obligation to apply for or furnish such bonds.

4. Licensing Board Actions

The Company will pay up to $5,000.00 per Policy Period for each Named Insured for attorney fees and other costs, expenses, or fees resulting from the investigation or defense or a proceeding before a state licensing board, peer review committee, or governmental regulatory body incurred as a result of a notice of a proceeding first received by the Named Insured and reported to the Company during the Policy Period, arising out of any Medical Incident covered by this policy. Such investigation must be a civil and not a criminal matter and the Company's obligation is limited to fees, costs, and expenses of such defense. All such proceedings arising out of the same Medical Incident will be considered as having begun at the time the notice of proceedings is first received by the Named Insured.

III. POLICY TERRITORY

The insurance afforded by this policy only applies to (i) Medical Incidents taking place in Illinois or Missouri, provided , however, that it will also apply to Professional Services You provide outside of such jurisdictions in the event of a Medical Emergency; ii) to Medical Incidents resulting from unpaid work on behalf of a charity within or outside of the United States but

only to the extent that any Claim is not covered by a policy purchased by the charity; and (iii) to Claims made and suits (relating to Claims) brought in the United States of America, its territories or possessions, Puerto Rico, or Canada.

## IV.  EXCLUSIONS

Notwithstanding anything in this policy to the contrary, the insurance afforded under this policy does not apply to any of the following, and the Company will not pay Damages or Claim Expenses, or provide a defense, for any of the following:

A.    any Claim based upon or arising from essential facts underlying or alleged in any matter which prior to the Effective Date of the Policy Period, has been the subject of notice to the Company or another insurer of (1) claim, (2) threat of claim, or (3) a Medical Incident which may reasonably be expected to give rise to a claim under any policy of which this insurance is a renewal, or replacement, or which it may succeed in time; or

B.    any Claim based upon or arising from any of the following:

1.    administration of general anesthesia, unless coverage is specifically endorsed onto Your policy through an Endorsement;

2.    use, administration, or prescription of any drug, pharmaceutical, or medical device not yet having received final approval by the FDA for treatment of human beings or which is not used in an FDA-approved manner or study;

3.    any procedure or surgery which is intended in any manner to affect obesity or weight control, including, but not limited to, the insertion of the gastric bubble or similar device; jejunoileal, jejunocolic, or ileocolic bypass procedures; and gastric restrictive surgery such as gastric stapling, unless coverage is specifically endorsed onto Your policy through an Endorsement;

4.    use, administration, or prescription of amphetamines in the treatment of obesity or weight control;

5.    sex change operations;

6.    acupuncture for anesthesia;

7.    the performance of obstetrics, except in a Medical Emergency, unless coverage is specifically endorsed onto Your policy through an Endorsement;

8.    attendance at, or supervision of, labor or delivery in any place, other than a licensed acute care hospital or licensed birthing center, except in a case of Medical Emergency;

9.    any procedure, which at the time of performance, is in violation of any limitation clause included in this policy or any Endorsement to Your coverage;

10.   the use of any blood or blood by-product that has not been tested for AIDS pursuant to federal laws or regulations, except in a Medical Emergency; or

11.   radial keratotomy unless coverage is specifically endorsed onto Your policy through an Endorsement.

NOTICE:    ADDITIONAL PROCEDURES MAY BE SPECIFICALLY EXCLUDED BY ENDORSEMENT.

C.    any Claim, whether made against You as the employer or against an individual You employ, which results from any act or omission to act of any such employed person in rendering or failing to render Professional Services unless that person is named on the Declaration Page or applicable Endorsement or constitutes an Insured Employee;

D.    any Claim which results from any act or omission to act of any Insured Physician, Insured Professional, or Insured Employee who is not acting within the course and scope of his or her employment;

E.    any Claim which results from any act, or omission to act, of any employee who is not acting within the course and scope of his or her duties as an employee of a Named Insured;

F.     any Claim which results from any act, or omission to act, in rendering or failing to render Professional Services (1) if You do not maintain Your office medical practice at Your designated professional office premises, as stated on the Declaration Page or in an Endorsement, or (2) if an Insured renders Professional Services outside Illinois or Missouri, unless the Company, through an Endorsement, extends coverage to Professional Services rendered outside Illinois or Missouri or such Professional Services are rendered in the event of a Medical Emergency;

G.     any Claims made against an Insured arising out of its, his or her employment by the United States Government or any state, county, or other governmental or public entity, unless the Company, through an Endorsement, extends coverage to such employment;

H.     Damages or any other injury to any employee of any Named Insured arising out of and in the course of his or her employment by You, or to any obligation You have to indemnify another because of Damages arising out of such injury;

I.     any obligation for which any Insured or any carrier acting as insurer for any Insured may be held liable under any workers' compensation, unemployment compensation, or disability benefits law, or under any similar law;

J.     any Claim brought against an Insured under any contract or agreement, except to the extent the Insured would be liable in the absence of such contract or agreement. This exclusion does not apply to:

     1.     liability arising from the rendering of or failure to render Professional Services by an Insured acting pursuant to a contract with a health maintenance organization, preferred provider organization, independent practice association, or any other similar organization; or

     2.     a warranty of fitness or quality of any therapeutic agents or supplies furnished or supplied by You in connection with Professional Services performed by an Insured;

K.     any Claim brought against an Insured as an agent, employee, proprietor, owner, partner, manager, superintendent, director, or officer of any hospital, sanitarium, clinic, health maintenance organization, insurance company, skilled nursing facility, convalescent hospital, laboratory, managed care facility or any other facility or business enterprise not specified on the Declaration Page or in an Endorsement. This exclusion does not apply to Claims arising out of laboratory facilities maintained by You as part of Your practice for the testing of Your own patients that is located at Your professional office premises;

L.     any Claim arising out of any dishonest, fraudulent, criminal, or malicious act or omission, or misrepresentation, by, at the direction of, or with the knowledge or consent of, any Insured; however, Claim Expenses which would have been available under this policy will be reimbursed if it is determined by a court that the Insured did not commit a fraudulent or dishonest act or omission;

M.     any Claim arising out of the rendering of or failure to render Professional Services while an Insured's license to practice medicine is not in effect, or that are beyond the scope or authority of the Insured's license;

N.     any Claim arising out of a Medical Incident resulting from Professional Services rendered by any Locum Tenens, unless an Endorsement adding the Locum Tenens to this policy has been issued by the Company;

O.     any Claim arising out of Bodily Injury which was expected or intended by an Insured regardless of whether or not such act or omission was intended to cause the specific Bodily Injury sustained;

P.     Any injury caused by an Insured while:

     1.     legally intoxicated from the use of alcohol, as defined in the jurisdiction where the injury occurs, and as measured by a medical doctor or a law enforcement official; or

     2.     under the influence of medication, narcotics, or any other controlled substances. However, this exclusion will not apply if such medication, narcotics, or other controlled substance is being used under the supervision of a physician, and in accordance with the physician's directions;

Q.     any Claim which results from an Insured's guarantee of the results of its, his, or her Professional Services;

     Ill. Form 2020

R.   any Claim arising out of actual or alleged involvement in any antitrust law violation or agreement or conspiracy to restrain trade;

S.   any Claim brought by or on behalf of any person employed by an Insured, any person who had been employed by an Insured, or any person seeking employment by an Insured alleging any act or omission by an Insured with respect to the hiring, termination, compensation, or the tenure, term, condition, benefits, or privilege of employment of any such person;

T.   any Claim made against an Insured alleging in whole or part:

    1.   physical assault, physical abuse, physical molestation, intentional neglect, or licentious, immoral, or other similar behavior that was committed or alleged to have been committed by the Insured; or

    2.   sexual intimacy, sexual assault, sexual abuse, sexual molestation, sexual harassment, sexual exploitation or licentious, immoral, or other similar behavior which was threatened, intended to, led to, or culminated in any sexual act whether committed intentionally, negligently, or with the belief, that the other person was consenting and had the legal and mental capacity to consent thereto, that was committed, or alleged to have been committed by the Insured;

    3.   this exclusion, however, shall not extend to Claims that the Insured is vicariously liable for the commission of such actions by others in the course of rendering Professional Services.

U.   any Claim arising directly or indirectly from improperly or incorrectly authored, published, broadcast, or otherwise released medical research data, studies or results, or other text or other media provided by or on the behalf of any Insured; or

V.   any Claim brought by, or on behalf of, any federal, state, or local governmental regulatory agency or administrative agency, whether such claim is brought in the name of such agency, or on behalf of such agency, or in the name of another person or entity (including a whistleblower), including but not limited to, any health care fraud or abuse proceeding alleging violation of the False Claims Act, the Health Insurance Portability and Accountability Act, the Social Security Act, or any similar federal, state, or local law, or regulation.

V.   CONDITIONS

A.   Assignment

Any assignment of an interest or right under this policy does not bind the Company unless its consent is endorsed herein through an Endorsement. If, however, a Named Insured dies, the insurance afforded by this policy will apply (1) to the Named Insured's legal representative as the Named Insured, but only while acting within the scope of his or her duties as such, and (2) with respect to the property of the Named Insured, to the person having proper temporary custody thereof, as Named Insured, but only until the appointment and qualification of the legal representative.

B.   Bankruptcy or Insolvency of Insured

Bankruptcy or insolvency of the Insured or of the Insured's estate does not relieve the Company of any of its obligations hereunder.

C.   Cancellation, Non-Renewal, Renewal Rate Increase

    1.   Cancellation.  This Policy may be canceled:

        a.   by You at any time by written notice or by surrender of this Policy to the Company or its authorized representative prior to the effective date of cancellation. The Company will refund the paid premium less the earned portion thereof within thirty (30) days of the latter of the effective date of cancellation or the date of delivery of Your notice of intent to cancel. The earned portion of the premium will be computed on the customary short rate basis unless state law or regulation requires that return premium be computed on a pro-rata basis; or

III. Form 2020

  b.  by the Company or by its authorized representative on its behalf for non-payment of premium when due, with or without the return or tender of the unearned premium, by sending You written notice stating that no less than ten (10) days thereafter such cancellation will be effective; or

  c.  by the Company or by its authorized representative on its behalf, with the return or tender of the unearned premium, by sending You, not less than sixty (60) days written notice stating when the cancellation will be effective. The earned portion of the premium will be computed on a pro-rata basis.

2.  Nonrenewal. The Company will renew this policy unless written notice of the Company's intent not to renew, setting forth the reason for this decision, is mailed to You not less than sixty (60) days before this policy expires. "Non-renewal" includes the failure of the Company to offer a renewal policy, which provides types and limits of coverage substantially equivalent to those contained in the expiring policy.

3.  Renewal Rate Increase or Change in Policy Terms. If the Company increases Your rate, reduces the limit or reduces coverage at renewal, the Company will mail to You at least sixty (60) days prior to the effective date of that increase or change:

  a.  written notice of any change in coverage; and

  b.  the amount of Your rate increase, if any.

  A rate increase is defined as any increase in premium except an increase due to a change in exposure or rating plans based solely on the Policyholder's developed experience.

4.  Sending of Notices. Any notice of cancellation, nonrenewal, or renewal premium increase or change in policy terms will be mailed by first class mail to You at the last mailing address known to the Company.

**D.  Changes**

The terms of this policy may not be waived or changed by You. You must contact the Company, in writing, to request a change in Your policy. Notice to any agent or knowledge possessed by any agent or any other person will not effect a waiver or a change in any part of this policy or estop the Company from asserting any right or defense. The provisions of this policy may only be waived or changed by the Company issuing a written Endorsement (or an amended Declaration Page), which specifically designates that it is to form a part of this policy, and that is signed by an authorized representative of the Company. If requested by the Company, You must evidence its receipt, consent or acceptance of any such Endorsement (or amended Declaration Page) by having Your authorized representative sign that or another document and promptly return the signed document to the Company.

**E.  Declarations and Applications**

By acceptance of this policy, each Named Insured agrees that the statements in the Declaration Page and the applications submitted in connection with this policy are its, his, or her agreements and representations and that this policy is issued in reliance upon the truth of such representations, that they are deemed material parts of this policy and that this policy embodies all agreements existing between each Named Insured and the Company or any of its agents relating to this insurance.

1.  Renewal Application

From time to time, the Company will send You a renewal application. You must complete this application and return it to the Company within twenty (20) working days of Your receipt of it. If You do not return the renewal application within the designated time period, the Company has the right to non-renew this policy.

Ill. Form 2020

2.     Changes in Your Practice and Privileges

If the location, nature, or scope of Your practice has changed from that which You stated on Your original application or any renewal application including, but not limited to, the changes described in Items a - d below, You must inform the Company immediately in writing of any such changes.

    a.     If You change the location of Your professional office premises or open additional professional office premises after You have completed Your original application or Your most recent renewal application, You must inform the Company immediately in writing. (See Section 2.IV.F)

    b.     If, at a licensed health facility, You have been denied medical staff privileges, have been removed or suspended from the medical staff, or had Your medical staff privileges restricted, revoked, or reduced, You must inform the Company immediately in writing. In addition, if You voluntarily restricted, reduced, or resigned Your medical staff privileges at such a licensed health facility, You must inform the Company in writing.

    c.     If the medical licensing agency or if any other government agency in the State of Illinois or any other state investigates, restricts, suspends, revokes, or otherwise terminates either Your license to practice medicine or Your narcotic license, puts You on probation, or takes any other action against You, You must inform the Company immediately in writing. The Company will neither defend nor indemnify You for any Claims which result from Your rendering or failing to render Professional Services while Your license is suspended, restricted, revoked, or terminated. (See Section 2.IV.M)

    d.     If You enter a diversion or rehabilitation program for alcohol, drug, or other substance abuse, or for any other cause, You must inform the Company immediately in writing. When You leave or are discharged from such a diversion or rehabilitation program, You must also inform the Company immediately in writing. (See Section 2.IV.P)

F.     Duties of the Policyholder

The Policyholder is:

    1.     authorized to propose changes in the terms of this policy, subject to the consent of the Company;

    2.     the payee of any premiums refunded by the Company;

    3.     responsible for the payment of all premiums due, keeping records of the information needed by the Company for premium computation, all Claim or potential Claim evidence including but not limited to: medical records, x-rays, pathology slides, and other related materials, providing copies to the Company upon request, and notifying the Company should cancellation of coverage be desired.

G.     Duties of the Insured in the Event of a Claim, or Medical Incident

If there is a Claim or the Insured reasonably believes there will be, the Insured must do the following:

    1.     notify the Company or the Company's representative, in writing, as soon as practicable;

    2.     specify the names, ages, and addresses of the injured persons and the names and addresses of any witnesses, other treating physicians, and the hospital or other medical or surgical facility, if one is involved;

    3.     provide the Company with all available information on the time, place, and nature of the event;

    4.     immediately forward to the Company all documents received in connection with the Claim; and

    5.     fully cooperate with the Company or the Company's designee in making settlements, the conduct of suits or other proceedings, and in enforcing any right of contribution or indemnity against another who

may be liable to the Insured because of Bodily Injury. The Insured must attend hearings and trials, assist in securing and giving evidence, and obtaining the attendance of witnesses.

The Insured must not voluntarily make any payments, or assume any obligations or incur any expense on behalf of the Company or for which the Company would otherwise be responsible for under this policy, without the Company's consent.

H.    Extended and Optional Reporting Period

    1.    Extended Reporting Period

        If this policy is terminated for any reason other than cancellation by the Company for non-payment of premium, an automatic thirty (30) day Extended Reporting Period, effective at the termination of the Policy Period, will be provided by the Company at no additional cost unless this insurance is replaced with the same or similar insurance issued by the Company, whether or not the limits or coverage are identical to those provided under this policy. This Extended Reporting Period will only apply to Claims made during the Policy Period and reported to the Company within thirty (30) days of this policy termination. The limits available under this extension will be part of, and not in addition to, the limits available under the expiring Policy Period. This automatic Extended Reporting Period does not extend or increase the coverage under this policy, but rather only provides an additional thirty (30) days in which to report a Medical Incident that occurred during the Policy Period. With respect to any such Claim first reported to the Company during the Extended Reported Period, the coverage provided by this policy with respect to that Claim will be specific excess over any replacement policy not issued by the Company, or self insurance providing the same or similar coverage.

    2.    Optional Extended Reporting Period

        In the case of cancellation or non-renewal of this policy by the Policyholder or the Company for any reason, each Named Insured will have the right, subject to the terms and conditions of this policy or an Endorsement, to extend the time during which Claims arising from a Medical Incident which happened prior to the termination of the final Policy Period can be reported. Any such extension is the Optional Extended Reporting Period and two choices are offered: one for three years and the other for an unlimited time period. This further optional extension is available only if:

        a.    the Named Insured makes a request for the extension to the Company in writing within thirty (30) days of this policy's termination; and

        b.    the Named Insured pays a premium specified by the Company for this extension, by the due date, together with any earned, but unpaid, premium which may be due under the terminated policy.

        c.    At the commencement of the Optional Extended Reporting Period, the entire premium therefore will be deemed fully earned and the Company will not return to the Named Insured any portion of the premium for the Optional Extended Reporting Period. The Optional Extended Reporting premium will be based upon the expiring annual premium without additional credits or debits, and reflect the number of years, to a maximum of four, the Named Insured had claims made coverage with the Company,

    3.    If a Named Insured dies or becomes Totally and Permanently Disabled during the Policy Period or Extended Reporting Period, coverage will be granted at no additional premium provided that within sixty (60) days after the termination of this policy:

        a.    such Named Insured's estate requests the extension in writing to the Company, including written proof of the date of death of the Named Insured; or

        b.    proof of such Named Insured's Total and Permanent Disability, the date of the actual disability and certification by the Named Insured's attending physician is provided to the Company in writing. In such case, the Named Insured agrees to submit to medical examination(s) by any physician designated by the Company, if requested.

            Ill. Form 2020

4.  If a Named Insured Retires from the active practice of rendering Professional Services during the Policy Period or the Extended Reporting Period, an automatic Extended Reporting Period will be granted at no additional premium, provided that the Named Insured is 55 years of age or older and has been insured by the Company for at least three (3) continuous years of claims made coverage.

5.  The Limits of Liability applicable to the Optional Extended Reporting Period (if any) or Extended Reporting Periods available under Sections 1, 3 or 4 above, will not be reinstated. The Limits of Liability under an expiring or cancelled policy at the time of cancellation or non-renewal, death, Total and Permanent Disability, or Retirement will continue to apply during the Optional Extended Reporting Period (if any) or Extended Reporting Periods available under Sections 1, 3 and 4 above. In no event does the Optional Extended Reporting Period (if any) nor any Extended Reporting Period extend the Policy Period, change the scope of coverage, or provide or increase the Limits of Liability. In addition, any such extension for the reporting of Medical Incidents does not apply to:

    a.  any pending Claim or proceedings;

    b.  any paid Claim;

    c.  any Professional Services rendered after the termination of this policy; or

    d.  Medical Incidents that are covered under any subsequent insurance purchased by a Named Insured or that would be covered but for exhaustion of the Limits of Liability of such subsequent insurance applicable to such Medical Incidents.

I.  Inspection and Audit

The Company is permitted but not obligated to inspect the Insured's property and operations at any time. Neither the Company's rights to make inspections nor the making thereof nor any report thereon will constitute an undertaking, on behalf of or for the benefit of any Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule, code, or regulation.

The Company may examine and audit the Insured's books and records at any time during the Policy Period and extensions thereof and any time after the final termination of this policy as far as they relate to the subject matter of this insurance.

This provision applies not only to the Company but also to any rating agency, advisory rate service, or similar organization which makes insurance inspections, audits, reports, recommendations, or gives loss control or prevention advice on the Company's behalf.

J.  Legal Action Against the Company

No person or organization has a right under this policy to join the Company as a party or otherwise bring the Company into a suit seeking Damages from an Insured. Nor does any person or organization have a right to sue the Company with respect to this policy unless the Insured has fully complied with the terms of this policy. A person or organization may sue the Company to recover an agreed settlement or a final judgment against an Insured obtained after an actual trial; however, the Company will not be liable for Damages or Claim Expenses that are not payable under the terms of this policy or for Damages that are in excess of the applicable Per-Claim Limit of Liability or Annual Aggregate Limit of Liability. An "agreed settlement" is a settlement and release of liability signed by the Company, the Insured, and the claimant.

K.  Venue and Governing Law

All suits against the Company must be brought in the state courts of Illinois, Missouri, or in the federal courts situated in Illinois. This policy will be construed, and the legal relations between the Company and each Insured (and anyone claiming under an Insured) will be determined, in accordance with the laws of the State of Illinois.

III. Form 2020

L.     Liberalization Clause

If the Company adopts any revision that would broaden the coverage under this policy without additional premium at any time during the Policy Period, the broadened coverage will immediately apply to this policy.

M.     Other Insurance

When both this insurance and other insurance or self-insurance apply to the Claim on the same basis, whether primary, excess, or contingent, the Company will not be liable under this policy for a greater proportion of the Damages than the proportion the applicable Limit of Liability under this policy for such Claim bears to the total applicable Limit of Liability of all valid insurance, whether collectible or not, against such Claim. Subject to the foregoing, if a Claim occurs involving two or more policies, each of which provides that its insurance or coverage is excess, each will contribute pro rata.

If any other insurer or self-insurer refuses to defend such Claim or suit, the Company will be entitled to Your rights against all such other insurers or self-insurers for any Claim Expenses incurred by the Company.

N.     Premium

All premiums for this policy will be computed in accordance with the Company's rules, rates, rating plans and premiums applicable to the insurance afforded herein. Each Named Insured must maintain accurate records of the information necessary for premium computation and must send copies of such records to the Company at such times as the Company may direct.

O.     Reimbursement

While the Company has no duty to do so, if the Company pays Damages in excess of the applicable Per-Claim Limit of Liability or Annual Aggregate Limit of Liability, all Insureds are jointly and severally liable to the Company for such amounts. Upon written demand, You must repay such amounts to the Company within thirty (30) days thereof. If any Named Insured fails to make such payment within thirty (30) days after written demand, the Policyholder will pay the Company the amount due. Failure to pay any amount indicated may lead to policy cancellation.

P.     Acquisition

If, during the Policy Period, a Named Insured acquires or creates another entity or becomes associated with another entity (e.g., becoming a member of a joint venture or partner in a partnership) that is not identified on the Declaration Page, or if a Named Insured merges or consolidates with another entity that is not on the Declaration Page, no coverage is afforded under this policy for any Claim in any way involving such other entity or the employees of such other entity, unless an Endorsement adding the new entity to this policy is issued by the Company with respect thereto.

Q.     Statute Conformity

Notwithstanding anything contained herein to the contrary, in the event that any terms or conditions of this policy conflict with any law applicable to the coverage afforded hereunder, the terms of this policy will by this statement be amended to conform to such law or laws.

R.     Subrogation

To the extent of any payment under this policy, the Company will be subrogated to all the Insured's rights of recovery therefore against any person, organization, or entity. You must execute and deliver instruments and papers and do whatever else is necessary to secure such rights. An Insured must not prejudice such rights.

S.     Evidence of Insurance

The provisions of this policy, along with the applications, the Declaration Page, and any Endorsements issued, complete this evidence of insurance.

T.    Arbitration

Any dispute, claim or controversy arising out of, relating to or in connection with this policy, its subject matter or its negotiation, as to the existence, validity, interpretation, performance, non-performance, enforcement, operation, breach of contract, breach of warranty, continuance or termination thereof or any claim alleging fraud, deceit, or suppression of any material fact or breach of fiduciary duty may be submitted to binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, if the Company and Insured(s) involved in the matter so elect. If a party desires to utilize arbitration proceedings, such party shall so notify the others involved in the matter.  If the parties elect and agree, in writing, to proceed with binding arbitration, the matter will be submitted to the American Arbitration Association.  Each party to arbitration must bear its own arbitration costs and expenses.  Any arbitration award must be in writing and must specify the factual and legal bases of the award.

U.   Illinois Insurance Guaranty Fund

The limits of coverage provided by this policy may exceed the limits of coverage guaranteed by the Kansas  Insurance Guaranty Fund.


IN WITNESS WHEREOF, Galen Insurance Company has caused this policy to be signed by its president and secretary.


_____                    _____
              Secretary                                                        President


Ill. Form 2020