IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GALEN INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No.:  15-cv-06993 |
| | ) | |
| VITTORIO GUERRIERO, M.D.; and | ) | |
| LEE A. HEDRICKS, Independent | ) | |
| Administrator of the ESTATE OF WALTER | ) | |
| L. BRUCE, deceased, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff, GALEN INSURANCE COMPANY, for its Answer to the Counterclaim filed by Defendant, VITTORIO GUERRIERO M.D., states and avers as follows:

### JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

### FACTUAL ALLEGATIONS

5. Admitted.

6. On information and belief, admitted.

7. Admitted.

### UNDERLYING CIVIL COMPLAINT

8. Plaintiff admits that Hedricks filed a Second Amended Complaint and that the document is attached to Defendant's Counterclaim. Plaintiff states that the Complaint speaks for itself and therefore, Plaintiff denies the remaining allegations contained in Paragraph 8.

9. Plaintiff admits that Hedricks filed a Second Amended Complaint and that the document is attached to Defendant's Counterclaim. Plaintiff states that the Complaint speaks for itself and therefore, denies the remaining allegations contained in Paragraph 9.

10. Plaintiff admits that it issued Policy no. IL-1537 to Dr. Guerriero and that a true and accurate copy of the Policy was attached to Plaintiff's Complaint. Plaintiff states that the Policy speaks for itself and therefore, denies the remaining allegations contained in Paragraph 10.

11. Plaintiff admits that it issued Policy no. IL-1537 to Dr. Guerriero and that a true and accurate copy of the Policy was attached to Plaintiff's Complaint. Plaintiff states that the Policy speaks for itself and therefore, denies the remaining allegations contained in Paragraph 11.

12. Plaintiff admits that it issued Policy no. IL-1537 to Dr. Guerriero and that a true and accurate copy of the Policy was attached to Plaintiff's Complaint. Plaintiff states that the Policy speaks for itself and therefore, denies the remaining allegations contained in Paragraph 12.

13. Plaintiff admits that it issued Policy no. IL-1537 to Dr. Guerriero and that a true and accurate copy of the Policy was attached to Plaintiff's Complaint. Plaintiff states that the Policy speaks for itself and therefore, denies the remaining allegations contained in Paragraph 13.

## BREACH OF INSURANCE CONTRACT

14. Plaintiff admits that it issued Policy no. IL-1342 for the policy period of December 16, 2013 to December 16, 2014. Plaintiff further admits that it issued Policy no. 1537 for the policy period of December 16, 2014 to December 16, 2015. Plaintiff denies the remaining allegations contained in Paragraph 14.

15. Admitted.

16. Plaintiff denies the allegations contained in Paragraph 16.

17. Plaintiff admits that it issued Policy no. IL-1537 to Dr. Guerriero and that a true and accurate copy of the Policy was attached to Plaintiff's Complaint. Plaintiff states that the Policy speaks for itself and therefore, denies the remaining allegations contained in Paragraph 17.

18. Plaintiff denies the allegations contained in Paragraph 18.

19. Plaintiff denies the allegations contained in Paragraph 19.

WHEREFORE, Plaintiff, Galen Insurance Company prays that this Honorable Court deny Defendant's claim for relief and instead grant judgment in Galen's favor, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Dr. Guerriero fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Galen is entitled to rescind the subject policy based upon material misrepresentations made on the policy application such that it has no defense or indemnity obligation for the Hedricks claim.

### THIRD AFFIRMATIVE DEFENSE

Even assuming the Galen Policy were not voidable, Galen has no obligation to defend or indemnify Dr. Guerriero against the Hedricks claim because the claim is outside the scope of coverage provided by the Insuring Agreement of the Galen Policy.

## FOURTH AFFIRMATIVE DEFENSE

Even assuming the Galen Policy were not voidable, Galen has no obligation to defend or indemnify Dr. Guerriero against the Hedricks claim by reason of Exclusion L of the Galen Policy.

## FIFTH AFFIRMATIVE DEFENSE

Even assuming the Galen Policy were not voidable, Galen has no obligation to defend or indemnify Dr. Guerriero against the Hedricks claim by reason of Exclusion O of the Galen Policy.

WHEREFORE, Plaintiff, Galen Insurance Company prays that this Honorable Court deny Defendant's claim for relief and instead grant judgment in Galen's favor, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: ___s/ Michelle M. Bracke_____
One of the Attorneys for Plaintiff

Michelle M. Bracke, Esq. (ARDC #: 6224533)
Kelly M. Ognibene, Esq. (ARDC #: 6297327)
LEWIS BRISBOIS BISGAARD & SMITH L.L.P.
550 W. Adams Street, 3rd Floor
Chicago, Illinois 60661
Ph. 312.345.1718
Fax: 312.345-1778
Michelle.bracke@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com