IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GALEN INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-CV-06993 |
| | ) | |
| VITTORIO GUERRIERO, M.D.; LEE A. HEDRICKS, Independent Administrator of the ESTATE OF WALTER L. BRUCE, deceased. | ) ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

This case involves a dispute between a Missouri insurance company and its insured regarding the coverage provided under a professional liability insurance policy. In August 2015, Galen Insurance Company ("Galen") filed a complaint seeking a declaration that it is entitled to rescind the policy it issued to Doctor Vittorio Guerriero and that it has no obligation to defend or indemnify Guerriero in a lawsuit brought against him by the estate of his deceased patient, Walter Bruce. Guerriero asserted a counterclaim against Galen for breach of insurance contract based on Galen's refusal to defend him in the lawsuit. Galen, however, has been declared insolvent and is undergoing liquidation in the Circuit Court of Cole County, Missouri. Guerriero moves to amend his counterclaim to add as a counter-defendant the appointed Liquidator of Galen. Galen asks the Court to abstain from exercising jurisdiction over the case pursuant to the *Burford* doctrine due to the ongoing state court liquidation proceedings. For the reasons explained below, the Court grants Galen's motion for an abstention and stays this case in its entirety pending the duration of the liquidation proceedings, or until further order of this Court. The Court denies as moot Guerriero's motion to amend.

## BACKGROUND

Guerriero resides and practices medicine in Illinois. In December 2013, he submitted an application to Galen for a professional liability insurance policy. The complaint alleges that Guerriero stated on his insurance application that he had never been investigated, charged with, or convicted of a violation of the law, despite the fact that he was then under investigation by state and federal authorities for Medicare and Medicaid fraud and performing unnecessary surgical procedures. According to the complaint, Guerriero also failed to disclose that his surgical privileges had previously been suspended and revoked by Lincoln Park Hospital in 2005. Relying on the statements Guerriero provided in his application, Galen issued a one-year policy to Guerriero for a period beginning in December 2013 and ending in December 2014. In 2014, it issued another one-year policy to Guerriero for December 2014 through December 2015.

In April 2014, Guerriero was sued in the Circuit Court of Cook County by Lee A. Hedricks, the special administrator for the estate of one of Guerriero's deceased patients, Walter Bruce. In that case (the "Hedricks lawsuit"), Hedricks alleges that on April 23, 2012, Guerriero performed a medically unnecessary tracheotomy on Bruce, in furtherance of a scheme to defraud Medicare and Medicaid. Several hours later, Bruce died in his hospital room. According to the Hedricks complaint, Guerriero and others agreed and conspired to perform medically unnecessary tracheotomies on patients at Sacred Heart Hospital because the procedure provided substantial insurance reimbursement income for the hospital.

Galen's complaint seeks a declaration that it is entitled to rescind its policy and has no obligation to defend or indemnify Guerriero against the Hedricks lawsuit. Galen claims that it is entitled to rescind the policy because Guerriero made material misrepresentations and/or omissions on his December 2013 insurance application, which were likely to give rise to claims or suits against him. Galen claims that the insurance policy is void and unenforceable as a result

2

of Guerriero's material misrepresentations and omissions. Galen further alleges that it has no duty to defend or indemnify Guerriero in the Hedricks lawsuit because the claims by Hedricks are not covered by Guerriero's policy. Galen asserts a number of reasons why the Hedricks claims fall outside the scope of Guerriero's policy or are precluded from coverage under certain exclusions in the policy: the Hedricks claim was not first made and reported during the policy period; Guerriero knew or could have reasonably foreseen that his acts, errors, or omissions might be expected to be the basis of a claim or suit; the Hedricks claim arises out of alleged dishonest, fraudulent, criminal and/or malicious acts or omissions by Guerriero; and the Hedricks claim arises out of bodily injury that was expected or intended by Guerriero.

After Galen filed its complaint, Guerriero answered and asserted a counterclaim against Galen for breach of insurance contract. Guerriero alleges that he was forced to defend against the Hedricks lawsuit without assistance of counsel provided by Galen, for which Guerriero paid insurance premiums and which Galen had a duty to provide. Guerriero's counterclaim seeks a judgment declaring that Galen is obligated to provide him with a defense against the Hedricks lawsuit and to reimburse him for any attorney's fees and costs, plus interest, expended by him in his defense against the Hedricks lawsuit.

On August 30, 2016, this case was referred to Magistrate Judge Schenkier for discovery supervision. Nearly a year later, on May 31, 2017, a circuit court in Cole County, Missouri found that Galen was insolvent and ordered that the insurance company be liquidated pursuant to Missouri's Insurers Supervision, Rehabilitation and Liquidation Act (the "Insolvency Act"), Section 375.1150, *et seq.* Mot. for Leave to Amend Countercl. ¶ 4, Ex. A, ECF No. 32. The Circuit Court of Cole County issued a Judgment, Decree and Final Order of Liquidation appointing Chlora Lindley-Myers, the Director of the Department of Insurance, Financial

Institutions and Professional Registration, as the Liquidator of Galen. *Id.*, Ex. A, ECF No. 32. On August 23, 2017, Galen and Guerriero informed Magistrate Judge Schenkier that they planned to file cross-motions for summary judgment. Galen later informed Judge Schenkier on September 20, 2017 that it was in liquidation. The parties did not file cross-motions for summary judgment. In October 2017, this Court held a status hearing and ordered that any motions arising from Galen's liquidation be filed before November 15, 2017. Guerriero then filed a motion for leave to amend its counterclaim to add the Liquidator of Galen, Lindley-Meyers, as a counter-defendant to its counterclaim. In response, Galen filed a motion for abstention and submitted a memorandum in opposition to Guerriero's motion and in support of its own motion for abstention.

## DISCUSSION

The Court first addresses Galen's motion for abstention. Galen argues that because it is undergoing liquidation in Missouri state court, this Court should abstain from exercising jurisdiction in this case pursuant to *Burford v. Sun Oil Company*, 319 U.S. 315 (1943) (the "*Burford* doctrine"). Under the Supreme Court's *Burford* doctrine, where timely and adequate state court review is available, a federal court should decline to exercise its jurisdiction under two conditions: (1) if the case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," or (2) if exercise of federal jurisdiction over the case "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989). In either circumstance, a federal court may apply the *Burford* doctrine and dismiss or remand a case seeking equitable or discretionary relief or impose a stay in a case seeking damages. *See*

4

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730-31 (1996). *See also McRaith v. Am. Re-Ins. Co.*, No. 09 C 4027, 2010 WL 624857, at *4 (N.D. Ill. Feb. 17, 2010) (acknowledging that pursuant to *Quackenbush*, only claims for discretionary relief may be dismissed or remanded under *Burford* and claims for damages can only be stayed).

Galen claims that the second type of *Burford* doctrine condition exists in this case. According to Galen, Missouri's regulation of the insurance industry is an area of substantial public concern and the State has created a complex statutory scheme to regulate and adjudicate claims against an insolvent insurer such as Galen. Galen argues that if Guerriero is permitted to proceed with his claim in federal court, the litigation will frustrate Missouri's efforts to maintain its process for handling claims against insolvent insurance companies in a fair and orderly fashion pursuant to its Insolvency Act.

The Seventh Circuit has identified a prerequisite for the second type of *Burford* doctrine abstention—a "specialized" state proceeding, in which the claims at issue may be litigated, that "stand[s] in a special relationship of technical oversight or concentrated review to the evaluation of those claims." *Prop. & Cas. Ins. Ltd. v. Cent. Nat'l Ins. Co. of Omaha*, 936 F.2d 319, 323 (7th Cir. 1991). Several courts in this district have held that state court proceedings held pursuant to statutes governing the rehabilitation and liquidation of insolvent insurers meet the "specialized state proceeding" requirement. *See Shapo v. Engel*, No. 98 C 7909, 1999 WL 446853, at *9 (N.D. Ill. June 11, 1999) (finding that a special forum was created by Illinois' statutes governing the rehabilitation and liquidation of insolvent insurers in circuit court); *Tribune Co. v. Swiss Reinsurance Am. Corp.*, No. 02 C 4772, 2005 WL 692859, at *1 (N.D. Ill. Mar. 21, 2005) (holding that Pennsylvania statute's vesting of responsibility in the state court to oversee the insurance company's liquidation created a specialized proceeding); *Mountain Funding, Inc. v.*

*Frontier Ins. Co.*, 329 F. Supp. 2d 994, 999 (N.D. Ill. 2004) (holding that New York's insurance rehabilitation proceedings met the requirements of the *Burford* doctrine); *McRaith*, 2010 WL 624857, at *5 (finding that the Illinois statutory scheme for insurer rehabilitation and liquidation provides a special state forum). As the district court noted in *Shapo*, domestic insurance companies are exempt from coverage of the United States Bankruptcy Code, and insolvent insurance companies therefore must turn to state courts for relief. 1999 WL 446853, at *9. In addition, under the McCarron-Ferguson Act, 15 U.S.C. § 1012, states have assumed primary responsibility for regulating the insurance industry and therefore "maintain a paramount interest" in a uniform insurance rehabilitation and liquidation process. *Id.* (quoting *Hartford Cas. Ins. Co. v. Borg-Warner Corp.*, 913 F.2d 419, 426 (7th Cir. 1990)). Accordingly, state procedures for administering the assets of an insolvent insurance company often qualify as a specialized state proceeding.

Here, Guerriero may pursue his claim against Galen for attorney's fees and costs in the state liquidation proceeding. Galen's liquidation is governed by Missouri's Insolvency Act, which includes provisions similar to other states' statutes governing insolvent insurers. The Act is part of Missouri's insurance code, which is "the exclusive code for the regulation and supervision of insurance companies" in Missouri. *Angoff v. Holland-Am. Co. Tr.*, 969 S.W.2d 351, 352 (Mo. Ct. App. 1998). Under the Insolvency Act, if a Missouri court orders liquidation, the appointed liquidator takes immediate possession of the assets of the insurer and administers them through a claims and distribution process, supervised by the court. MO. REV. STAT. § 375.1176. The Insolvency Act empowers the liquidator to review and investigate all claims filed in the liquidation and to pay distributions "in a manner that will assure the proper recognition of the priorities and a reasonable balance between the expeditious completion of the liquidation and

the protection of unliquidated and undetermined claims, including third party claims." MO. REV. STAT. §§ 375.1220-1222. The priority of distribution, which is based on nine classes of claims, is also set forth in the Act. MO. REV. STAT. § 375.1218. In addition, the Act states that after an insurer is ordered into liquidation, "no action at law or equity or in arbitration shall be brought against the insurer or liquidator, whether in this state or elsewhere, nor shall any such existing actions be maintained or further presented." MO. REV. STAT. § 1188. These provisions of the Insolvency Act make clear that it provides for a specialized proceeding of concentrated review by the appointed liquidator and the Missouri state court supervising the liquidation. *See Shapo*, 1999 WL 446853, at * 10; *Tribune Co.*, 2005 WL 692859, at *1; *McRaith*, 2010 WL 624857, at *8; *Mountain Funding, Inc.*, 329 F. Supp. 2d at 999.

The existence of a specialized state forum, however, does not mean that *Burford* abstention is required. *Tribune Co.*, 2005 WL 692859, at *1. The Seventh Circuit has held that four other factors should also be considered to determine whether *Burford* abstention is appropriate: (1) whether the suit is based on a cause of action that is exclusively federal; (2) whether the suit requires the court to determine issues that are directly relevant to state policy in the regulation of the insurance industry; (3) whether state procedures indicate a desire to create special state forums to regulate and adjudicate these issues; and (4) whether difficult or unusual state laws are at issue. *Hartford Cas. Ins. Co.*, 913 F.2d at 425.

Here, three of the four factors weigh in favor of abstention under the *Burford* doctrine. There are no exclusively federal claims in this case; to the contrary, the complaint and counterclaim present quintessential state law tort and contract claims. The first factor, therefore, weighs in favor of abstention. *See McRaith*, 2010 WL 624857, at *5 (finding that a case that does not involve an exclusively federal cause of action tends to favor abstention). The second factor

7

enumerated in *Hartford* also weighs in favor of abstention. The claims in this case require the Court to determine whether Guerriero was entitled to coverage under his Galen insurance policy and whether Galen must pay Guerriero for the costs he incurred when the company refused to insure him. These issues are directly relevant to the ongoing liquidation proceeding before the Circuit Court of Cole County, which is attempting to adjudicate numerous claims against Galen and pay such claims according to specific priorities set forth in the Insolvency Act. A judgment from this Court ordering Galen to pay Guerriero attorney's fees and costs will affect Missouri's interest in maintaining an orderly and efficient liquidation process for insolvent insurers like Galen. *See Tribune Co.*, 2005 WL 692859, at *2 (concluding that because resolution of the federal case would require the court to determine an issue directly relevant to the liquidation proceeding and would impinge on the liquidation court's mandate to marshal the assets of the insolvent insurer, abstention was favored); *Melahn v. Cigna Reinsurance Co.*, No. 91-4264-CV-C-9, 1992 WL 170597, at *4-5 (W.D. Mo. Jan. 27, 1992) (finding that where the federal case required resolution of an issue directly relevant to ongoing liquidation proceedings in Missouri state court, abstention was favored).

In addition, the procedures mandated by Missouri's Insolvency Act clearly indicate a desire to create a special state forum to regulate and adjudicate the issues presented in this case— an insured's claim against an insolvent insurer for a sum of money. Under the Insolvency Act, Galen's liquidator was given control of all of the company's assets and is required to conduct a claims and distribution process to administer those assets under the supervision of the state court and pursuant to a specific order of priorities. Missouri courts have acknowledged that the State's insurance code was intended by the legislature to be a self-contained and exclusive statutory scheme. *See State ex rel. Angoff v. Wells*, 987 S.W.2d 411, 413 (Mo. Ct. App. 1999); *State ex rel.*

8

*Melahn v. Romines*, 815 S.W.2d 92, 94 (Mo. Ct. App. 1991). The third factor, therefore, favors abstention. *See Tribune*, 2005 WL 692859, at *2 (State's detailed set of procedures governing the liquidation of insolvent insurers was clear indication of the State's intent to be the exclusive arbiter of cases involving insolvent insurers); *Mountain Funding, Inc.*, 329 F. Supp. 2d at 999 (abstention is favored where state statutes intend to facilitate judicial review of all of insurer's claimants, to expedite the resolution of such claims, to prevent unnecessary expenditure of assets, and to provide a fair and unified procedure for all claimants).

While the first three factors identified by the Seventh Circuit in *Hartford* favor abstention in this case, the fourth factor does not. There are no difficult or unusual state laws at issue. All four factors, however, are not required to warrant abstention. *Mondrus v. Mutual Ben. Life Ins. Co.*, 775 F. Supp. 1155, 1157-58 (N.D. Ill. 1991). Based on the three *Hartford* factors that support abstention, the Court is convinced that abstention is appropriate in this case. As the Seventh Circuit has held, an insured's claim against an insolvent insurance company for a sum of the company's assets, which are subject to a state liquidation proceeding, falls squarely within the ambit of the *Burford* abstention doctrine. In *Hartford*, the Seventh Circuit instructed that abstention is warranted if proceeding with the federal case would usurp a state's control over an insolvent insurer and the ultimate distribution of its assets to its creditors. 913 F.2d at 426. Consistent with that view, the Seventh Circuit noted in *General Railway Signal Company v. Corcoran*, 921 F.2d 700 (7th Cir. 1991), that several other Circuits had held that "the Burford abstention doctrine requires district courts to abstain when creditors of an insolvent insurance company attempt to use a federal forum to adjudicate their claims against the state official appointed to act as receiver for the insurer," *id.* at 708 (collecting cases), and remanded the case to the district court for development of the facts necessary to determine whether abstention was

9

appropriate. The district court in *General Railway* subsequently held that abstention was appropriate, noting that in such a case, the insurer's liquidator should be permitted to distribute the assets of the insurer amongst the various creditors or claimants "without interference from the federal courts." 807 F. Supp. 1361, 1367 (N.D. Ill. 1992). The same concerns identified by the courts in *Hartford* and *General Railway* are present here. A decision by this Court that Galen owes Guerriero the attorney's fees and costs of his defense in the Hedricks lawsuit would interfere with the State's control over the distribution of Galen's assets.

In opposition to Galen's motion to abstain, Guerriero argues that no parallel litigation in state court exists to resolve the issues raised by his counterclaim. But nowhere does Guerriero explain why his claim against Galen cannot be adjudicated in the state court liquidation proceeding.[1] The liquidation proceeding not only provides a forum for Guerriero to pursue his claim for attorney's fees and costs against Galen, but also allows him an opportunity to appeal if his claim is denied. *See* MO. REV. STAT. § 1214. Guerriero argues that his federal claim will not disrupt Missouri's efforts to establish a coherent policy for the liquidation of Galen and he insists that his counterclaim "merely seeks to earn him a spot in line with other creditors." Def.'s Resp. to Mot. for Abstention 2, 6, ECF No. 38. He does not, however, point to any provisions of the Insolvency Act that require a judgment from a federal court to have his claim considered in the liquidation proceeding alongside the claims of all other Galen creditors. Furthermore, Guerriero's counterclaim and his proposed amended counterclaim do not merely seek a spot in line. Rather, his pleading and amended pleading ask this Court for a judgment ordering Galen to pay his attorney's fees and costs, plus interest.

---

[1] Neither Guerriero nor Galen address whether Guerriero has filed a claim with the Liquidator. It is clear, however, based on the parties' briefs, that Guerriero has notice of the claims process.

Guerriero also argues that a district court decision in another case involving Galen supports the denial of Galen's motion for abstention in this case. In *Allied World Surplus Lines Insurance Company v. Galen Insurance Company*, the plaintiff insurance company, Allied, sought a declaratory judgment against its insured, Galen, regarding coverage for a wrongful termination claim under an insurance policy Allied had issued to Galen. No. 4:17 CV 1185 JCH, 2017 WL 3503473, at *1-2 (E.D. Mo. Aug. 16, 2017). After Galen was ordered into liquidation, it sought a stay in the case pursuant to the *Burford* doctrine. *Id.* The district court declined to stay the case, finding that there was no indication that the federal case would interfere with the liquidation proceedings. *Id.* at *6. The court further held that the case was distinguishable from other cases where abstention was warranted because it did not involve an insured's attempt to collect insurance proceeds from an insolvent insurer's assets and the Galen insolvency proceedings would not resolve the issue before the federal court. *Id.* at *5. These factors, however, which support abstention by a federal court and were missing in the *Allied* case, are present in this case. *See supra* 8-10. The court's decision in *Allied*, therefore, supports Galen's motion for abstention in this case.[2]

The Court finds that abstention under the *Burford* doctrine is warranted in this case. Because Guerriero seeks money damages, the Court will not dismiss the case and instead orders the case stayed. *See Quackenbush*, 517 U.S. at 730-31 (federal courts applying abstention principles in damages actions are permitted to enter a stay but not to dismiss the action altogether); *McRaith*, 2010 WL 624857, at *4 (acknowledging that pursuant to *Quackenbush*,

---

[2] As Galen points out, moreover, *Allied* appears to be inconsistent with dicta in *General Railway*, where the Seventh Circuit suggested that abstention would also be appropriate not just in cases involving claims on the existing assets of an insolvent insurer but also in those (like *Allied*) involving claims by the insolvent insurer to assets held by others. *See General Railway*, 921 F.2d at 709; Pl.'s Reply in Supp. of Mot. for Abstention 2, ECF No. 39.

11

only claims for discretionary relief may be dismissed or remanded under *Burford* and claims for damages can only be stayed). This case is stayed in its entirety[3] for the duration of the Galen liquidation proceedings in the Circuit Court of Cole County, or until further order of this Court. In light of the Court's abstention and stay, Guerriero's motion to amend is denied as moot and without prejudice.

\*      \*      \*

For the reasons stated above, the Court grants Galen's motion for abstention and denies without prejudice Guerriero's motion for leave to amend his counterclaim. This case is stayed in its entirety for the duration of the Galen liquidation proceedings, or until further order of this Court. The parties are directed to notify the Court promptly upon the conclusion of the liquidation proceedings.

Date: June 1, 2018

John J. Tharp, Jr.
United States District Judge

---

[3] Guerriero argues that Galen's motion asks the Court to abstain from asserting jurisdiction over his counterclaim only. Although Galen does not address this argument in its reply brief, the Court construes the motion for abstention as a request for the Court to abstain from the case in its entirety. Galen's motion states that it moves the Court to abstain from jurisdiction "over the present matter" and "this action." Mot. for Abstention, ECF No. 35. There is no indication that Galen's motion applies only to Guerriero's counterclaim. Furthermore, Guerriero's counterclaim against Galen and Galen's claims against Guerriero are significantly similar. Both require the Court to determine whether Galen was required to provide insurance coverage to Guerriero for the Hedricks' lawsuit. Abstention from the case in its entirety, therefore, is warranted.